NOT DESIGNATED FOR PUBLICATION

No. 124,808

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELA DENISE REYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Opinion filed July 29, 2022.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Angela Denise Reyes appeals the district court's decision to revoke her probation. We granted Reyes' motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Based on our review of the record, we find no abuse of discretion by the district court and affirm.

FACTUAL AND PROCEDURAL HISTORY

The State charged Reyes with one count each of possession of drug paraphernalia and possession of methamphetamine for conduct that occurred on March 18, 2020. Under a plea agreement, Reyes pled no contest to possession of a controlled substance, and the State dismissed the other charge. Reyes had a criminal history score of I, and the

1

presumptive sentence was probation. The district court imposed an underlying prison sentence of 11 months, which the court suspended in favor of 18 months of probation with a mandatory drug treatment program.

Within eight months of being placed on probation, Reyes' intensive supervision officer (ISO) filed a request to revoke Reyes' probation. The ISO noted that Reyes accrued multiple new criminal cases, failed a urinalysis for methamphetamine, and the inpatient drug treatment program she was attending discharged her for using drugs while in the program. Reyes also failed to attend her required mental health appointments and stay compliant on her mental health medications. Reyes admitted to acquiring new charges and being unsuccessfully discharged from the drug treatment program, but she denied not complying with the mental health requirements. After finding that Reyes violated her probation, the district court revoked Reyes' probation and imposed the underlying prison sentence.

ANALYSIS

On appeal, Reyes argues that the district court abused its discretion by ordering her to serve her underlying prison sentence rather than imposing an intermediate sanction or continuing probation with modified terms that would better address her individual needs.

This court reviews a decision to revoke probation under an abuse of discretion standard. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Abuse of discretion is satisfied if the action "is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact." *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). "[T]he party asserting an abuse of discretion . . . bears the burden of demonstrating the abuse." *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Although a district court may revoke probation after finding a violation, an intermediate sanction is required before revocation, unless an exception applies. *State v. Dooley*, 308 Kan. 641, 647-48, 423 P.3d 469 (2018); see K.S.A. 2019 Supp. 22-3716(c)(1). One exception is if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2019 Supp. 22-3716(c)(7)(C).

Reyes stipulated that she was charged in six new criminal cases after she was placed on probation. And she does not dispute that the district court had discretion to revoke her probation after she committed new crimes while on probation. Since Reyes does not argue any errors of fact or law, she must show that the district court's decision was arbitrary, fanciful, or unreasonable. A decision is unreasonable if "no reasonable person would have taken the view adopted by the district court." *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010).

Here, the record does not support Reyes' argument that the district court's decision to revoke her probation was arbitrary, fanciful, or unreasonable. Reyes has a history of drug addiction and mental health issues, and the district court gave her many opportunities to address these problems. Despite her stated desire to seek treatment, the treatment center discharged Reyes from inpatient treatment for bringing drugs into the facility. Reyes' outpatient treatment provider reported that Reyes expressed no desire to stop using and had a low likelihood of staying in a long-term controlled environment if given the opportunity to leave. She repeatedly failed to show up for required outpatient appointments. Additionally, Reyes' ISO noted that she "continues to habitually abuse drugs" and testified that she failed two urinalyses and admitted to using methamphetamine on another occasion.

Reyes also has a history of violating the law. She was not only arrested while on bond in the current case, but after being granted probation, she had 10 negative contacts with law enforcement and acquired 7 new criminal cases. Although the district court

3

noted that Reyes was "not amenable to probation" and was likely a danger to herself if she remained on probation, the district court revoked her probation because of her new offenses. See K.S.A. 2019 Supp. 22-3716(c)(7)(C).

Under these facts, Reyes fails to show that no reasonable person could have taken the view adopted by the district court. Thus, we find the district court did not abuse its discretion by revoking Reyes' probation and ordering her to serve her prison sentence.

Affirmed.